
UNITED STATES of America, Plaintiff,

v.

**Susan H. McDOUGAL, Defendant.**

**No. LR–CR–95–173.**

United States District Court,
E.D. Arkansas,
Western Division.

June 26, 1998.

Sam T. Heuer, Thurman, Lawrence & Heuer, Little Rock, AR, for James B. McDougal.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, AR, George B. Collins, Collins & Bargione, Chicago, IL, James Jacob Lessmeister, Lessmeister Law Firm, P.A., Little Rock, AR, Darrell F. Brown, Little Rock, AR, for Jim Guy Tucker.

Bobby R. McDaniel, McDaniel & Wells, P.A., Jonesboro, AR, Jenniffer Morris Horan, Federal Public Defender's Office, Little Rock, AR, Mark John Geragos, Geragos & Geragos, Los Angeles, CA, for Susan H. McDougal.

Philip S. Anderson, Williams & Anderson, Little Rock, AR, for Reporters Committee for Freedom of the Press, Radio–Television News Directors Association, Capital Cities/American Broadcasting Companies, Inc., National Broadcasting Co, Inc., CBS, Inc., Dow Jones and Co., Inc.

George Jay Bequette, Jr., Skokos, Bequette & Billingsley, Little Rock, AR, for Dow Jones and Co., Inc.

John R. Tisdale, Wright, Lindsey & Jennings, Little Rock, AR, for William Jefferson Clinton.

Amy Joan St. Eve, U.S. Attorney's Office, Northern District of Illinois, Chicago, IL, Bradley E. Lerman, Kirkland & Ellis, Chicago, IL, William Hickman Ewing, Jr., Julie L. Myers, Mark J. Barrett, Office of the Independent Counsel, Little Rock, AR, Rod J. Rosenstein, Jackie M. Bennett, U.S. Dept. of Justice, Office of the Independent Counsel, Washington, DC, LeRoy Morgan Jahn, William Ray Jahn, Office of the Independent Counsel, San Antonio, TX, for U.S.

*MEMORANDUM OPINION
AND ORDER*

GEORGE HOWARD, Jr., District Judge.

The defendant, Susan H. McDougal, has moved for a reduction of the sentence to serve a term of imprisonment of two (2) years which was imposed by the Court on August 20, 1996. The Eighth Circuit Court

of Appeals affirmed defendant's conviction on February 23, 1998.[1] The Court of Appeals' mandate was issued on April 3, 1998 and filed in this Court on April 6, 1998.[2]

Rule 35 (b), Federal Rules of Criminal Procedure (pre-November 1, 1987), provides in relevant part:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 day after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

█ In support of her request for a reduction in her sentence, defendant asserts the following:

Defendant was born with a drastic curvature of the spine and has experienced varying degrees of pain since she was teenager. Her condition has been greatly exacerbated by having to sleep on concrete floors in overcrowded jails and sitting upright for hours in holding cells. On a recent trip to the doctor, she was informed that her spine is degenerating at an alarming rate. The fourth and fifth vertebrae have become "fused" together creating a potentially dangerous and extremely painful situation. She suffers from frequent sharp pains and is forced to wear a back brace throughout the day. She has also been told to wear a neck brace as frequently as possible. By continuing to languish in prison, her condition cannot be properly treated. The doctors have already suggested that she will need corrective surgery and may need to stay in bed for a protracted time period.

After carefully considering argument of counsel, the testimony of witnesses and especially the statements of Ms. McDougal as well as the totality of circumstances surrounding this action, the Court is persuaded that in resolving the issue currently before the Court, the Court should lean to the side of compassion and mercy rather than strictness.

Recognizing that the goals of the criminal justice system of this great nation are (a) to promote respect for the law, (b) reflect the seriousness of the offense, (c) to provide just punishment for the offense, (d) to afford adequate deterrence for criminal conduct, and (e) to protect the public from further crimes of a defendant, this Court is not convinced that these goals will be disserved or compromised by reducing Ms. McDougal's sentence to the time served and placing her on home detention for a term of ninety (90) days based in part on her current illness and physical complaint and on the other hand avoiding the appearance of subjecting her to cruel and unusual punishment. Surely, this approach will create and motivate greater respect for the system. Indeed, mercy and compassion are just as vital and essential to the system as strictness. Surely, this act of compassion will inspire the desire and the will to become rehabilitated.

Accordingly, it is the judgment and order of this Court that Ms. McDougal's sentence relative to Counts 13, 14 and 15 which was imposed on August 20, 1996 be and is hereby reduced to time served and she is placed on home detention for a term of ninety (90) days; the home detention sanction will go into effect ten (10) days from this date in order to afford Ms. McDougal the opportunity make necessary arrangements for fulfilling conditions associated with home detention. Ms. McDougal, during home detention, will be permitted to conference with her attorney regarding any legal matters whenever counsel deems it necessary without getting prior approval from the United States Proba-

---

**1.** Defendant was convicted of mail fraud for submitting a false Small Business Administration Form 1031 in connection with a loan (Count 13); of aiding and abetting in the misapplication of the funds from the loan (Count 14); of aiding and abetting the making of a false entry in the reports and statements of the lender, Capital Management Services, which stated the purpose of the loan (Count 15); and of aiding and abet-ting in making a false statement for the purpose of influencing the actions of the lender (Count 16). The offenses occurred in March or April, 1986.

**2.** Defendant began serving her sentence imposed August 20, 1997, in March, 1998, after serving eighteen months on a civil contempt charge.

tion Office; she will be permitted to visit her physicians whenever it is necessary or advisable to do so; she will be permitted to attend religious activities and engage in employment without prior approval, but shall submit proof or evidence of such participation upon the request of the Office of Probation. However, at all other periods, Ms. McDougal shall comply with the home detention during the ninety day term.

In addition, that aspect of the August 20, 1996 sentence where imposition of sentence was suspended on Court 16 and Ms. McDougal was placed on probation for three years to commence upon the completion of the sanction imposed in Counts 13, 14 and 15 shall remain unaltered. However, the special condition of 104 hours of community service each year of probation is hereby vacated. In so doing, the Court has considered the following submitted in support of her motion.

> Despite the substandard and at time barbarous conditions she has encountered during her sojourn of the past twenty months, Susan McDougal has at all times maintained a positive outlook and attitude which have earned her the respect of her fellow inmates and the prison staff alike, and reflect well on her fundamental character. She has led prayer sessions; counseled, comforted and tried to assist inmates with the panoply of family crises which arise; and has acted as a peacemaker in defusing conflicts. A letter from Mama Jo Puttroff, who served as a matron and jailer for female inmates at Faulkner County Jail, speaks eloquently to these qualities in Susan. Ms. Puttroff writes . . . :

>> "During the five or so months that Susan was in jail here she had such an influence on a large number of people in the facility. She tried real hard to let everyone know that just because of her friendship with the Clinton family and the charges she was facing that she still was a real person just like them. She changed the complete atmosphere in the cell block, not just by her presence but by her strength, her interactions with other inmates and her genuine concern

and care for their problems, even though I am sure her own problems were much more complex than theirs."

Ms. Puttroff continues in her letter:

>> "In October of 1996, I lost my husband to a sudden heart attack and I personally was overwhelmed by the care and concern that not only Susan and her family had for me, but Susan had the entire cell block draw cards for me and tell me when I returned to work how much they loved me and how sorry they felt for me. She led all the girls every evening in prayer, she had them doing regular exercise, aerobics and just kept them lifted both physically and spiritually. I consider myself a strong person, but in all my years I have never met another female that impressed me in all the ways that Susan McDougal has as far as her strength of convictions, her belief in God, country, family and right or wrong."

A letter has also received from Karen Brudney, a Catholic Chaplain in Los Angeles, who recounts in her letter . . . :

>> "Susan was isolated from the other inmates at both Los Angeles County Jails almost all the time. She was classified as 'K–10–which means "keep away." ' The isolation was difficult, but the sense of isolation intensified when the entire jail was moved to the new Twin Towers facility because Susan was then behind glass and couldn't converse with anyone else or hear anything. I tried to visit Susan at least twice a week, if for no other reason than to get her out of the cell and provide some mental stimulation. The few times that Susan was allowed to attend bible study and Catholic Mass she was attentive, reflective, and prayerful. I have found Susan to be insightful and willing to share her thoughts and respectful to others when they disagreed with her. I observed her as she interacted with the other women and she was always cheerful and gracious."

The restitution ordered in the amount of $300,000 plus accrued interest to be paid to the Small Business Administration as well as

the $5000 fine shall remain in full force and effect.

Accordingly, the motion to reduce sentence (document no. 767) is hereby granted as set forth above.